1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT ALAN HECKER,

11              Petitioner,                    No. CIV S-07-1511 FCD GGH P

12         vs.

13   SUE HUBBARD, Warden, et al.,              ORDER &

14              Respondents.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17              Petitioner, a state prisoner proceeding pro se and in forma pauperis, proceeds on

18   an amended petition pursuant to 28 U.S.C. § 2254, filed on 1/03/08.  Pending before the court is

19   respondent's motion to dismiss, filed on 2/29/08, to which petitioner has filed an opposition and

20   a supplemental opposition, after which respondent filed a reply.  Petitioner's original petition,

21   filed on 7/22/07,[1] was dismissed with leave to amend because it was unclear precisely what

22   petitioner was challenging.  See Order, filed on 12/14/07.  In directing the respondent to file a

23   _____

24         [1] Although the court's docket indicates that the petition was filed on 7/26/07, the undersigned
     affords petitioner application of the mailbox rule.  Pursuant to Houston v. Lack, 487 U.S. 266,
25   275-76, 108 S. Ct. 2379, 2385 (1988), a pro se prisoner filing is dated from the date the prisoner
     delivers it to prison authorities.  See also, Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)
26   (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court
     within limitations period).

1    response to the amended petition, the court noted that the amended filing did not provide

2    significantly more clarity, but appeared to be a challenge to "what might be characterized as a

3    quasi disciplinary action, resulting in the loss of 35 days of good time credits.  He seeks

4    restoration of his original December 22, 2009, release date by having his good time credits

5    restored."  Order, filed on 1/30/08, p. 1.  Petitioner contends that he has been improperly denied

6    35 days of good time credit and that his Earliest Possible Release Date (EPRD) has been

7    miscalculated.  Petitioner states that he has been denied his right to appeal the action by

8    California Department of Corrections and Rehabilitation (CDCR) in "stopping" his good time

9    credits, failing to issue a psych chrono before placing him in administrative segregation, failing

10   to discover his "severe hypothyroidism, and extending [his] release date by 35 days."  Amended

11   Petition (AP), p. 4.[2]

12   Motion

13            Respondent contends that petitioner has filed the instant petition beyond the one-

14   year AEDPA statute of limitations.  Motion to Dismiss (MTD), pp. 1-6.  As a separate ground for

15   dismissal, respondent argues that petitioner failed to exhaust his state court remedies.

16            The statute of limitations for federal habeas corpus petitions is set forth in 28

17   U.S.C. § 2244(d)(1):

18            A 1-year period of limitation shall apply to an application for a writ
               of habeas corpus by a person in custody pursuant to the judgment
19            of a State court.  The limitation period shall run from the latest of

20            (A) the date on which the judgment became final by the conclusion
               of direct review or the expiration of the time for seeking such
21            review;

22            (B) the date on which the impediment to filing an application
               created by State action in violation of the Constitution or laws of
23            the United States is removed, if the applicant was prevented from
               filing by such State action;

24

25            (C) the date on which the constitutional right asserted was initially

26            [2] The undersigned references the court's electronic pagination.

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Citing petitioner's movement history, respondent observes that petitioner was placed in administrative segregation at California State Prison-Wasco on 7/19/02. MTD, p. 1, Ex. 1).[3] He was released from ad seg on 9/19/02, and transferred to Folsom State Prison. Id. Thereafter, petitioner filed a number of administrative appeals regarding his claimed entitlement to earn half-time work credits for the 60 days he was in ad seg and his allegation that his EPRD had been miscalculated. MTD, p. 1, Ex. 2, state supreme court petition, Exs. D-E. Respondent observes that the appeals were rejected as untimely on 2/25/03, 4/03/03, 4/11/03, 5/13/03 and 11/24/03. Id. Petitioner does not refute this timeline but asserts that he was placed in ad seg for his safety after having been assaulted and that his good time credits were not stopped while he was at Wasco, but only after he had been transferred to Folsom. Opposition (Opp.), p. 1. Petitioner's contentions with respect to whether or not he was able to properly administratively exhaust his claims, and his allegations that the grievance procedure was not properly complied with by CDCR in the rejections of his appeals on the basis of untimeliness are not particularly germane in the context of this motion. Id.

By application of the mailbox rule to the filings below, petitioner filed a habeas petition in the Solano County Superior Court on 8/28/04, claiming that he had earned 35 days of good time credit and that his EPRD was miscalculated, which was summarily denied as untimely on 9/30/04, citing In re: Robbins, 18 Cal.4th 770, 780 (1998). MTD, p. 1, Ex. 2, state supreme court petition, Exs. K & L. Petitioner filed his claims related to the deprivation of credits and altered EPRD date to the California Court of Appeal on 12/11/04, and the petition was

---

[3] Although respondent's movement history log is illegible, petitioner does not dispute respondent's summary of petitioner's movement history.

1    summarily denied on 12/17/04.  MTD, p. 1, Ex. 2, state supreme court petition, Exs. O & Q.

2    Petitioner filed the same claims in the state supreme court on 3/12/05, which petition was denied

3    on 3/15/06, citing People v. Duvall, 9 Cal.4th 464, 474 (1995).  MTD, p. 2,  Ex. 2.   As noted, the

4    original petition in this court was filed on 7/22/07.

5           Under 28 U.S.C. § 2244(d)(1)(D), the applicable provision for petitions that

6    challenge administrative decisions, "the limitation period in such cases begins to run on 'the date

7    on which the factual predicate of the claim or claims presented could have been discovered

8    through the exercise of due diligence.'"  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004),

9    citing Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  The Shelby Court noted that in

10    Redd, a challenge to a parole board's denial of an administrative appeal, it had found that the

11    statute of limitations began running the day after petitioner received notice of the Board's

12    decision.  Likewise, the Ninth Circuit applies the same standard in the context of denials of

13    administrative appeals of prison disciplinary actions.  Id., at 1063-1065.

14           Respondent contends that the petitioner became aware of the factual basis of his

15    claim when his appeal was rejected as of 2/25/03, thus contending that the AEDPA statute of

16    limitations began to run on 2/26/03, expiring by 2/27/04, noting that petitioner did not make his

17    superior court habeas filing until 8/28/04.  MTD, p. 4.  At the very latest, respondent contends

18    that petitioner was certainly aware of the factual predicate of his claim by the time of the latest

19    administrative appeal rejection, on 11/24/03.  Id.  If the first administrative appeal rejection

20    triggered the running of the statute, by respondent's reasoning, then 518 days had elapsed before

21    the 8/28/04 initial filing in the state courts.  Id.  Actually, by the court's calculation 549 days had

22    elapsed during that period.  In any case, if 2/25/03 were the triggering date, as respondent notes,

23    the limitations period would have expired long before petitioner had even begun his state court

24    habeas filings.  While § 2244(d)(2) provides that the time during which a properly filed

25    application for State post-conviction or other collateral review with respect to the pertinent

26    judgment or claim is pending shall not be counted toward any period of limitation, section

2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Petitioner states his hyperthyroidism, which he contends formed part of the factual predicate of his claim as an explanation for the underlying medical symptoms for which he was placed in ad seg, allegedly in violation of the Coleman class action,[4] was not diagnosed until 4/29/03. Opp., p. 2.[5]

Rather than parse which administrative appeal would constitute the factual predicate for commencing the running of the statute, the court will afford petitioner the greatest amount of latitude and apply the more liberal construction, construing the triggering date as the latest of the administrative appeal rejections, that is the rejection dated 11/24/03, after which the statute would run beginning 11/25/03. Thereafter, some 273 days lapsed prior to the filing of the 8/28/04 state court petition. Under this scenario, as respondent apparently concedes, the limitations period would be tolled until the denial of the state supreme court petition on 3/15/06. MTD, p. 4. Thereafter, petitioner would have had 92 days remaining (365 days minus 273) to file the instant petition; as respondent points out, however, petitioner did not file the instant petition until 7/22/07, which by the court's calculation amounted to a period of an additional 494 days, rendering this petition, even in the broadest construction favoring petitioner, untimely by some 402 days, or more than a year, under the applicable statute.[6]

\\\\\

---

[4] Coleman v. Wilson, 912 F. Supp. 1282 (E.D. Cal. 1995).

[5] Petitioner irrelevantly includes what is apparently a copy of the state supreme court denial of his challenge to his underlying conviction, dated 4/28/04. Opp., p. 2 & Ex. 1.

[6] Even if there were some basis for applying the date for which petitioner argues as the starting point for the running of the statute, 3/15/06, the 7/22/07 filing in this court would still be untimely by more than four months. See Opp., p. 3.

1      Petitioner's argument in opposition (p. 3) that he brought a civil rights action in

2  this court, CIV-S-06-1115 LKK DAD P, of which this court takes judicial notice,[7] with related

3  allegations, that should apply to toll the AEDPA statute herein, is simply not availing, as

4  respondent observes in the reply.  Even had petitioner had a federal habeas petition, rather than

5  an action under § 1983, pending in federal court during this period, it would not have tolled the

6  statute.  Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001).  The only

7  question that remains with regard to this statutorily untimely filing is whether or not petitioner

8  can demonstrate that he is entitled to equitable tolling.

9  Equitable Tolling

10      "Generally, a litigant seeking equitable tolling bears the burden of establishing

11  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

12  circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814;

13  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of

14  proving that equitable tolling should apply to avoid dismissal of an untimely petition).

15  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

16  circumstances beyond a prisoner's control make it impossible to file a petition on time."

17  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

18  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

19  the exceptions swallow the rule."  Id.

20      In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

21  overruled on other grounds, Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly), 163

22  F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123

23  S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably

24  tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the

25

26      [7] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1   petition on time.   "In addition, '[w]hen external forces, rather than a petitioner's lack of

2   diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'"

3   Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107

4   (9th Cir. 1999).

5              Equitable tolling will not be available in most cases because tolling should only

6   be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him

7   to file a petition on time.  Beeler, 128 F.3d at 1288-89.  As held in Beeler,  "[w]e have no doubt

8   that district judges will take seriously Congress's desire to accelerate the federal habeas process,

9   and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.

10  "Mere excusable neglect" is insufficient as an extraordinary circumstance.  Miller v. New Jersey

11  Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does

12  not constitute such extraordinary circumstances.  See Hughes v. Idaho State Bd. of Corrections,

13  800 F.2d 905, 909 (9th Cir. 1986).

14             In the Calderon (Beeler) case, the Court of Appeals held that the district court

15  properly found equitable tolling to allow Beeler more time to file his petition.  Beeler's lead

16  counsel withdrew after accepting employment in another state, and much of the work he left

17  behind was not usable by replacement counsel – a turn of events over which the court found

18  Beeler had no control.  The Court of Appeals held that the district court properly found these

19  were "extraordinary circumstances" sufficient to toll the statute of limitations.[8]  The Ninth

20  Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163

21  F.3d 530.  The three reasons given which independently justified tolling were: a district court

22  stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency

23  until a reasonable time after the court makes a competency determination, and the fact that

24

25          [8]  See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court
    applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition
26  for certiorari until thirteen months after the denial was entered.

1   petitioner did at one time have timely habeas proceedings pending which were mistakenly

2   dismissed, not as a result of any doing by petitioner.  Id. at 541-42.  See also Corjasso v. Ayers,

3   278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling);

4   Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust

5   account, preparing and mailing filing fee were circumstances beyond his control, qualifying him

6   for equitable tolling).

7           Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997),

8   the court found that a petitioner's circumstances were not extraordinary in the following

9   circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

10  preventing the prisoner's access to the library and a typewriter which were necessary to his

11  motion.  See also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on

12  incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default);

13  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll

14  statute); Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1273 (D.Haw. 1999) (lack of legal expertise

15  does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F.Supp.2d 650, 656

16  (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F.Supp.2d 772, 779-80 (D.N.J. 1998)

17  (delay in receipt of transcripts does not justify equitable tolling).

18          Petitioner mentions the issue of equitable tolling in his opposition but does not

19  develop it, seeking to raise a putative defense of "equitable estoppel," evidently based on the

20  civil rights action he had pending in this court referenced above.  Opp., p. 9.  In a supplemental

21  opposition, petitioner seeks to enlarge this argument, contending that the AEPDA statute should

22  be tolled for the period of time that his § 1983 complaint, denominated CIV-S-06-1115 LKK

23  DAD P, "sat dormant," prior to its dismissal.  Supp. Opp., p. 1.  This contention goes no distance

24  to aid petitioner in meeting his burden to show entitlement to equitable relief.

25          The court's review of the record of the instant matter does demonstrate that

26  petitioner has had mental health placement, he neither raises the issue in this context nor makes

1   any showing that for the relevant period he might have suffered from a mental disability

2   rendering him incompetent to file this petition timely.   To the contrary, petitioner makes every

3   effort to demonstrate that he was diligent in pursuing his claims, seeking to lay blame upon the

4   courts for the untimeliness of his petition.  By this showing, petitioner does not meet his burden

5   to demonstrate that he is entitled to equitable tolling herein.

6   Conclusion

7          Because this court has found the instant petition untimely, the court need not

8   reach the exhaustion question raised by respondent.  For the same reason, untimeliness of the

9   petition, the court denies as moot petitioner's unrelated motion to submit supplemental authority

10  in support of his amended petition.

11         Accordingly, IT IS ORDERED that petitioner's 3/27/08 (#14) motion to file

12  supplemental authority in support of his amended petition is denied as moot.

13         IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, filed on

14  2/29/08 (# 12) be granted on the ground that this action is barred by the AEDPA statute of

15  limitations, and this case be dismissed.

16         These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within ten days after service of the objections.  The parties are advised

22  that failure to file objections within the specified time may waive the right to appeal the District

23  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: 08/26/08                              /s/ Gregory G. Hollows

25                                                     _____

26  GGH:009 - heck1511.mtd                        UNITED STATES MAGISTRATE JUDGE

9