|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |
| 8   | IN THE UNITED STATES DISTRICT COURT | |
| 9   | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10  | ROBERT ALAN HECKER, | |
| 11  | Petitioner, | No. CIV S-07-1511 FCD GGH P |
| 12  | vs. | |
| 13  | SUE HUBBARD, Warden, et al., | |
| 14  | Defendants. | FINDINGS AND RECOMMENDATIONS |
| 15  | _____/ | |

By Order, filed on September 30, 2008, the district judge adopted the findings and recommendations, which had been filed on August 27, 2009, and this petition was dismissed as barred by the AEDPA statute of limitations and judgment thereon entered. On October 10, 2008, petitioner filed a request for rehearing and reconsideration, followed by a November 7, 2008, filing of a "motion for 'relief from the operation of the judgement,'" pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

prior judgment upon which it is based has been reversed or
otherwise vacated; or it is no longer equitable that the judgment
should have prospective application; or (6) any other reason
justifying relief from the operation of the judgment.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Petitioner states that he was unable to meet the court's deadline for submitting objections to the findings and recommendations timely, primarily due to a prison lockdown preventing his access to the law library. Request, p. 1; motion for relief, p. 1. Petitioner attaches an unauthenticated exhibit to his Nov. 7, 2008, motion, wherein a Correctional Counselor I, named Kevin May, evidently substantiates an emergency lockdown at California Medical Facility from the end of August through the third week of September. Motion, at 3. Further, this individual asserts that the prison administrators departed from past practice in suspending inmate law library access during this period. Id.

The docket of this case indicates that petitioner's objections to the findings and recommendations were filed in the court's docket on September 29, 2008, on the same day that the order dismissing this case was signed (and the day before the order was filed and judgment entered). The order indicates that no objections had been filed to the findings and recommendations. The findings and recommendations stated that there was a twenty-day period for the filing of objections; including three additional days for mailing, this puts the deadline for filing of objections at September 19, 2008. See Fed. R. Civ. P. 6(d); Local Rule 6-136(a). Further, even granting petitioner application of the mailbox rule,[1] his own proof of service asserts

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

2

that the objections were filed on September 23, 2008, which renders the filing untimely.

Even assuming petitioner was denied access to the prison law library for the relevant period, petitioner offers no explanation whatever for having failed to seek an extension of time to file his objections based on the denial of such access. Moreover, the court's review of his objections reveals contentions that simply lack merit. At issue in the underlying petition was a 35-day loss of time credits and an alleged miscalculation of his Earliest Possible Release Date (EPRD). Petitioner, in his untimely objections, asserts that he has confirmed that thirty days of those time credits have been restored and that the remaining loss of five days of credits occurred in 1997, which would entitle him to a later AEDPA one-year statute of limitations "trigger" date of February 4, 2008, under 28 U.S.C. § 2244(d)(1)(B), on the premise that the state-created impediment that prevented timely filing of his federal petition was the action of a counselor who allegedly did not let him review his C-file so that he could not determine when the five-day loss occurred, evidently the only period that would remain at issue in the pending dismissed petition, until after the thirty days had been restored. Objections, p. 1. Such an argument has no merit, and petitioner undermines his own argument by asserting that he was informed, apparently in 1997 (but not formally notified of an extended release date), that he would be assessed a five-day credit loss. Id., at 3-4.

In his opposition to respondent's motion, petitioner sought to invoke March 15, 2006, as the inception of the running of the statute, which the undersigned noted would still have rendered the instant petition untimely. <u>Findings and Recommendations</u>, filed on Aug. 27, 2008, p. 5, n. 6. In the findings and recommendations, the court afforded petitioner the most liberal triggering date of November 24, 2003, which started the running of the statute on November 25, 2003, the last of his administrative appeal rejections with regard to his time credit loss. Assuming petitioner could invoke a new date for which he never previously argued, February 4, 2008, as providing the basis for a federal habeas petition for a de minimis loss of time credits that occurred eleven years earlier in 1997, petitioner then would run afoul of the actual date in which

he filed the instant petition, on July 22, 2007, that is, he would be arguing for being permitted to proceed on a claim of which he was unaware at the time that he made it. Moreover, he does not demonstrate state court exhaustion of any claim that arose as of that most recent date, a prerequisite to the filing of a federal habeas petition. 28 U.S.C. § 2254(b)(1). Inconsistent on its face with the prior argument and apparently, although belatedly, seeking to leave no stone unturned, petitioner also now evidently seeks to posit a basis for equitable tolling due to apparent mental health disabilities, while in his opposition he instead sought to emphasize his diligence in pursuing his claims. Petitioner was certainly aware of any impairment in that regard when he filed his opposition to respondent's motion and offers no reason as to why he did not develop such an argument at that time. His untimely argument does not warrant relief from judgment.

Accordingly, IT IS RECOMMENDED that petitioner's request for rehearing and reconsideration, filed on October 10, 2008 (docket # 22), and motion for relief from judgment, filed on November 7, 2008 (docket # 23), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 13, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
heck1511.fr